FILED

March 27, 2017

TN COURT OF
WORKERS' COMPENSATION
CLAIMS

Time 11:36 AM



## TENNESSEE BUREAU OF WORKERS' COMPENSATION
## IN THE COURT OF WORKERS' COMPENSATION CLAIMS
## AT KINGSPORT

| | | |
|---|---|---|
| Michael Whitley, | ) | Docket No. 2016-02-0532 |
| Employee, | ) | |
| | ) | |
| v. | ) | State File Number 83297-2016 |
| | ) | |
| Essary Food Stores, LLC | ) | |
| d/b/a Sav-A-Lot, | ) | Judge Brian K. Addington |
| Employer, | ) | |
| | ) | |
| And | ) | |
| | ) | |
| State Auto, | ) | |
| Carrier. | ) | |
| | ) | |

## EXPEDITED HEARING ORDER
## (DECISION ON THE RECORD)

This matter came before the undersigned Workers' Compensation Judge on March 17, 2017, upon the Request for Expedited Hearing filed by Michael Whitley. Mr. Whitley filed the REH on February 24, 2017, and requested the Court decide the matter on the record without an evidentiary hearing. Sav-A-Lot did not request an in-person hearing.

Consequently, the Court issued a Docketing Notice for File Review Determination, listing the documents contained in the record and allowing the parties until March 24, 2017, to object to the admissibility of any document and/or to file a Position Statement. Sav-A-Lot objected to certain medical records.

The central legal issues are 1) whether Mr. Whitley sustained a compensable injury as defined in Tennessee Code Annotated section 50-6-102(14)(A) (2016) in August 2016 or on a gradual basis; and, 2) whether Mr. Whitley satisfied the notice requirements of Tennessee Code Annotated section 50-6-201 (2016). For the reasons set forth below, the Court finds Mr. Whitley is not likely to prevail at a hearing on the merits

1

on either issue. Consequently, he is not entitled to the requested workers' compensation benefits at this time.

## History of Claim

Mr. Whitley worked for Sav-A-Lot as a meat cutter. According to his affidavit, he injured his right wrist and thumb on September 15, 2016, as a result of the exertion required to use dull knives. He stated he previously asked store managers to provide proper sharpening stones for the knives, but they ignored his requests.

Mr. Whitley immediately reported the injury to Brian Hill, the meat manager, and to the assistant store manager, Roy. Both told him he needed to report it to the store manager, Justin Essary. Mr. Essary was not present, so Mr. Whitley sought medical attention without speaking with Mr. Essary.

Mr. Whitley presented to Urgent Care for evaluation where he saw Dr. Peter Litchfield. Under the history section of his report, Dr. Litchfield noted Mr. Whitley's "complaints of gradual onset of mild right > left wrist pain (pain to base of right thumb-increased use recently-at work)." X-rays indicated a possible fracture at the base of thumb. Dr. Litchfield referred Mr. Whitley to an orthopedist.

The following day, Mr. Whitley saw Dr. David Evans at Watauga Orthopedics. Dr. Evans recorded Mr. Whitley's history as follows: "A couple of weeks ago he injured his thumb, but does not remember how. MCP joint pain of right thumb, no swelling, popping, or locking. [P]ain with ROM or use, x-rays brought with him today." Upon exam and review of the previous x-rays, Dr. Evans noted "tenderness of the CMC joint and the first metacarpal" without a fracture and diagnosed a sprain of the carpometacarpal joint, prescribed pain rub, fitted him with a thumb brace, and excused him from work until September 19, 2016.

On October 18, 2016, Mr. Whitley met with Mr. Essary about his alleged work injury. Prior to the meeting, he claimed to have called the Bureau of Workers' Compensation to determine if Sav-A-Lot had filed notice of his injury; there was no such record. He then confronted Mr. Essary about the injury in Mr. Essary's office. After he questioned Mr. Essary as to whether Sav-A-Lot had filed his claim, Mr. Essary terminated him and would not discuss the matter further.

Sav-A-Lot's version of events differed greatly from Mr. Whitley's version. Mr. Essary stated in his affidavit that Mr. Whitley was a short-term employee and never reported an injury to him or any supervisor or manager. Mr. Essary made no comment in his affidavit concerning the cause of Mr. Whitley's termination.

In his Petition for Benefit Determination (PBD), REH and accompanying

affidavit, Mr. Whitley requested payment for medical treatment and temporary disability benefits. He asserted he provided proper notice of his injury to Sav-A-Lot, but the managers ignored him. According to Mr. Whitley, Mr. Essary terminated him when he tried to report his injury.

Sav-A-Lot responded to Mr. Whitley's REH and asserted it had no notice of Mr. Whitley's alleged a work injury until it received a copy of his PBD sometime after October 26, 2016. It further asserted Mr. Whitley did not give notice within fifteen days of the alleged injury, and that the medical records do not support a finding of Mr. Whitley suffering a work injury on September 15, 2016. It requested the Court deny Mr. Whitley's claim for benefits.

**Findings of Facts and Conclusions of Law**

In this workers' compensation case, Mr. Whitley has the burden of proof on all essential elements of his claim. *Scott v. Integrity Staffing Solutions*, 2015 TN Wrk. Comp. App. Bd. LEXIS 24, at *6 (Aug. 18, 2015). However, Mr. Whitley need not prove every element of his claim by a preponderance of the evidence in order to obtain relief at an Expedited Hearing. *McCord v. Advantage Human Resourcing*, 2015 TN Wrk. Comp. App. Bd. LEXIS 6, at *7-8, 9 (Mar. 27, 2015). Instead, he must come forward with sufficient evidence from which the trial court can determine that he is likely to prevail at a hearing on the merits. *Id.*

In order to be compensable, a work injury must meet the definition of "injury" set forth in Tennessee Code Annotated section 50-6-102(14) (2016). The statute requires that the injury must be "by accident." Tennessee Code Annotated section 50-6-102(14)(A) explains, "An injury is 'accidental' only if the injury is caused by a *specific incident, or set of incidents*, arising primarily out of and in the course and scope of employment, and is *identifiable by time and place of occurrence*[.]" (Emphasis added).

There is conflicting information as to when and how Mr. Whitley sustained his alleged injury. On the one hand, he seemed to assert a gradual injury, yet on the other, he appears to assert he sustained an acute injury on September 15, 2016. Further confusion is caused by the history he provided Dr. Litchfield, where he appeared to assert a gradual injury, and by his statement to Dr. Evans that he injured himself "a couple of weeks" prior to the alleged date of injury and did not know how he injured himself.

Based on the evidence provided, the Court finds that Mr. Whitley has given conflicting statements as to how and when he was injured. Consequently, he failed to show he is likely to succeed at a hearing on the merits because he failed to establish a specific incident or series of incidents identifiable by time and place of occurrence as required by Tennessee Code Annotated section 50-6-102(14)(A) (2016).

The Court also finds that Mr. Whitley's claim fails on the issue of notice.

According to Mr. Whitley, he reported the injury to the meat department manager and the assistant store manager on September 15. He also claimed to have reported the injury to Mr. Essary on October 18. Mr. Essary denied Mr. Whitley reported an injury to him or anyone else at Sav-A-Lot until after he was terminated.

Tennessee Code Annotated section 50-6-201(a)(1) (2016) states:

No compensation shall be payable under this chapter, unless the written notice is given to the employer within fifteen (15) days after the occurrence of the accident, unless reasonable excuse for failure to give the notice is made to the satisfaction of the tribunal to which the claim for compensation may be presented.

The evidence is equivocal on this issue. The statute requires injured workers to provide *written* notice of their injuries to their employers, unless there is a reasonable excuse for not doing so, or the employer has *actual* notice of the injury. Mr. Whitley did not present a copy of any written notice he provided to Sav-A-Lot. He claimed to have given verbal notice.

Sav-A-Lot disputed Mr. Whitley's assertion of notice and claimed it first heard of Mr. Whitley's workers' compensation claim when it received the PBD, well after the statutory fifteen-day deadline. Mr. Whitley has the burden of proof on the issue, and at best, the proof is equivocal. Mr. Whitley neither established he provided actual notice to Sav-A-Lot nor that he provided Sav-A-Lot written notice or a reasonable excuse for not doing so. Mr. Whitley failed to show he is likely to prevail at a hearing on the merits on the issue of notice.

For the reasons discussed above, the Court holds Mr. Whitely has not come forward with sufficient evidence for the Court to determine he would succeed at a hearing on the merits of his claim for benefits and he is not entitled to the requested workers' compensation benefits at this time.

**IT IS, THEREFORE, ORDERED** as follows:

1. Mr. Whitley's claim against Sav-A-Lot for temporary disability and medical benefits is denied at this time.

2. This matter is set for a Scheduling Hearing on May 10, 2017, at 2:00 p.m. Eastern Time. The parties must call 855-543-5044 to participate in the Hearing.

3. Please Note: You must call in on the scheduled date/time to participate. Failure to call may result in a determination of the issues without your further participation. All conferences are set using Eastern Time.

**ENTERED** this the 27th day of March, 2017.

_/s/Brian K. Addington_
**Judge Brian K. Addington**
**Court of Workers' Compensation Claims**

## Appendix

Exhibits:
1. Affidavits of Mr. Whitley and Mr. Essary
2. First Report of Work Injury
3. Notice of Denial of Claim for Compensation
4. Medical records – Watauga Orthopedics
5. Medical records – First Assist Urgent Care[1]

Technical record:
1. Petition for Benefit Determination
2. Dispute Certification Notice
3. Request for Expedited Hearing
4. Employer Response to Request for Expedited Hearing
5. Motion in Limine by Sav-A-Lot--First Assist Urgent Care records

---

[1] Sav-A-Lot filed a Motion in Limine to exclude these records. According to Tennessee Compilation Rules and Regulations, Rule 0800-02-21-.16(6)(b) (2016), signed medical records are admissible in Expedited Hearings. Since the medical records in question are signed, the Court finds they meet the requirements of the Rule and are admissible. Therefore, Sav-A-Lot's Motion in Limine is denied.

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the Expedited Hearing Order (Decision on the Record) was sent to the following recipients by the following methods of service on March 27, 2017.

| Name | Certified Mail | First Class Mail | Via Email | Service Sent To: |
|------|----------------|------------------|-----------|------------------|
| Michael Whitley, Self-represented | | X | X | 4116 Navaho Drive Johnson City, TN 37 mikewhitley@charter.net |
| Rockford King, Esq., Attorney for Sav-A-Lot | | | X | rking@emlaw.com |

/s/ Penny Shrum

**Penny Shrum, Clerk of the Court**
**Court of Workers' Compensation Claims**
**WC.CourtClerk@tn.gov**